UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

|  |  |
|---|---|
| MOUNTAIN PEAKS FINANCIAL SERVICES, INC. | ) ) ) |
| Plaintiff Judgment Creditor, | ) ) ) |
| v. | ) ) |
| PHILIP B. MCADAM , | ) ) ) |
| Defendant Judgment Debtor. | ) ) ) |

R E C E I V E D

C

Date  3/ /05

By _____ W.N.
Deputy Clerk

## AFFIDAVIT OF RICHARD W. GANNETT IN SUPPORT OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION OF PLAINTIFF JUDGMENT CREDITOR MOUNTAIN PEAKS FINANCIAL SERVICES, INC.

Richard W. Gannett, being first duly sworn, deposes and states as follows:

1.      My name is Richard W. Gannett and I am an attorney licensed to practice law in the Commonwealth of Massachusetts. I am of legal age and competent to testify. I am one of the attorneys for the Plaintiff Judgment Creditor and I have been the attorney of record concerning the claims of my client, Mountain Peaks Financial Services, Inc. against Philip B. McAdam for more than ten years.

2.      During 2005,  Judgment Creditor Mountain Peaks Financial Services, Inc.("Mountain") scheduled and duly noticed a sheriff's sale of certain real property owned for many years by Philip B. McAdam ("Philip") situated at 1 Arcola Street, Methuen, Massachusetts. The sale was scheduled to be held on March 10, 2005 at the Essex County Deputy Sheriff's

Office, 36 Federal Street, Salem, Massachusetts. Some time after Mountain asked the Essex

County Deputy Sheriff to levy its execution in the Essex County Registry of Deeds, Philip

transferred the subject property to Dana P. McAdam ("Dana") without notice to Mountain.

      3.     On March 1, 2005, Dana, Philip B. McAdam's brother, filed a

a civil action in the Essex County (Massachusetts) Superior Court against Mountain. At about

the same time, World Savings Bank, F.S.B. ("World") a mortgagee of the land and buildings

located at 1 Arcola Street, Methuen, Massachusetts, also commenced a civil action in the Essex

County Superior Court against Mountain. Both World and Dana sought temporary restraining

orders and/or injunctive relief concerning the sheriff's sale scheduled for March 10, 2005. Over

the objection of Mountain, the Essex County Superior Court enjoined the sheriff's sale at a

hearing held on March 2, 2005. To date no written order has been delivered to Mountain

concerning the March 2, 2005 proceedings.

      4.     Both World and Dana filed extensive papers in support of their request for

provisional relief. Papers filed by World and Dana support Mountain's motion for a temporary

restraining order and/or injunctive relief in this Court concerning Mountain's claims against

Philip's ownership interest in 6 Shelly Drive Pelham, New Hampshire.

      5.     During the March 2, 2005 hearing at the Essex County Superior Court, a HUD-

1 and a deed was produced claiming Philip B. McAdam transferred 1 Arcola Street to Dana P.

McAdam in 2003, some two years after Mountain levied its execution. The HUD-1 at issue

disclosed that the judgment debtor Philip B. McAdam delivered a "gift of equity" in the 1 Arcola

Street property to his brother Dana. Philip claimed this "gift of equity" amounted to $77,000.00.

2

6.     Neither World, Philip, Dana nor any of their attorneys or agents, communicated with Mountain or Gannett concerning the 2003 transfer and closing. Mountain never delivered a discharge of its execution and none was recorded. World's closing agent certified title under G.L. c. 93 sec. 70 averring that there were no liens or encumbrances against 1 Arcola Street other than World's new mortgage to be recorded contemporaneously. The closing agent permitted title to pass without satisfaction of the judicial lien on record on the property in in the Essex County Registry of Deeds.

7.     Dana submitted an affidavit averring that during the 2003 closing he became aware of Mountain's judicial lien and he averred in the affidavit that World's closing agent assured him the judicial lien would not be problematic.

8.     At the hearing on March 2, 2005, the motion judge stated a fraudulent conveyance may have occurred in 2003 given the priority of Mountain's judicial lien and Mountain's steps taken by the judgment debtor to gift the $77,000.00 in equity to his brother.

9.     Given the two new civil actions and recorded encumbrances, there may be insufficient equity available to Mountain from 1 Arcola Street, Methuen, Massachusetts to satisfy Mountain's levied execution.

10.     An order enjoining the transfer of 6 Shelly Drive, Pelham, New Hampshire is necessary and warranted to preserve Mountain's judgment rights given the conduct of the judgment debtor at the 2003 closing transferring the subject property to his brother, the 2005 Dana P. McAdam affidavit, and the fact that Philip B. McAdam executed an affidavit during the 2003 closing averring he knew of no judicial liens or judgments.

3

11.    The averment contained in the 2003 Philip B. McAdam affidavit claiming no knowledge of any judgment against him is contradicted by the fact that I observed Philip B. McAdam appear in a Massachusetts state court during 2001 on an unsuccessful motion to vacate the underlying judgment with his former lawyer and the fact that thereafter I received a notice of appeal seeking appellate review of the denial of the motion to vacate bearing a return mailing address of 6 Shelly Drive, Pelham, New Hampshire.  No appeal was prosecuted.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 18th DAY OF MARCH, 2005.

_____
Richard W. Gannett

4

L-2851.01 02/87

OMB No. 2502-0265

**B TYPE OF LOAN**

| | | | | |
|---|---|---|---|---|
| 1 ☐ FHA | 2 ☐ FMHA | | | |
| 4 ☐ VA | 5 ☐ CONV INS | 3 ☒ CONV UNINS | | |

6 File Number: 7047
7 Loan Number: 19279652 19279660
8 Mortgage Insurance Case Number:

Page 1

## SETTLEMENT STATEMENT

C. NOTE: U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(poc)" were paid outside the closing, they are shown here for informational purpose and are not included in the totals. WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

PREVIOUS EDITION IS OBSOLETE

D. NAME OF BORROWER: DANA D. MCADAM
ADDRESS: 1 ARCOLA STREET
METHUEN, MA 01844

E. NAME OF SELLER: PHILIP B MCADAM & PHILIP E MCADAM
ADDRESS:

F. NAME OF LENDER: WORLD SAVINGS
ADDRESS: 4101 WISEMAN BLVD. BLDG. 102
SAN ANTONIO, Texas 78251

G. PROPERTY LOCATION: 1 ARCOLA STREET
METHUEN, Massachusetts 01844
ESSEX NORTH COUNTY

H. SETTLEMENT AGENT: CUSHING & DOLAN, P.C.
ADDRESS: 299 MAIN STREET
PLACE OF SETTLEMENT: WILMINGTON, MASSACHUSETTS 01887
ADDRESS: WILMINGTON, Massachusetts 01887
MIDDLESEX COUNTY

I. SETTLEMENT DATE:
Friday
January 31st 2003

## J. SUMMARY OF BORROWER'S TRANSACTION

| 100 GROSS AMOUNT DUE FROM BORROWER | |
|---|---|
| 101 Contract sales price | 178,000.00 |
| 102 Personal property | |
| 103 Settlement charges to borrower (line 1400) | |
| 104 FEBRUARY 2003 TAXES | 4,947.92 |
| 105 | 571.02 |
| Adjustments for items paid by seller in advance | |
| 106 City/town taxes to | |
| 107 County taxes to | |
| 108 Assessments to | |
| 109 | |
| 110 | |
| 111 | |
| 112 | |
| **30. GROSS AMOUNT DUE FROM BORROWER** | 183,518.94 |
| 08. AMOUNTS PAID ON BEHALF OF BORROWER | |
| 01 Deposit or earnest money | |
| 02 Principal amount of new loan(s) | 1,000.00 |
| 03 Existing loan(s) taken subject to | 100,000.00 |
| | |
| GIFT OF EQUITY | |
| | 77,000.00 |
| | |
| Adjustments for items unpaid by seller | |
| City/town taxes 01/01/03 to 01/11/03 | |
| County taxes to | |
| Assessments to | 172.82 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| A. PAID BY/FOR BORROWER | |
| H AT SETTLEMENT FROM/TO BORROWER | |
| I amount due from borrower (line 120) | 178,172.82 |
| I amount paid by/for borrower (line 320) | 183,518.94 |
| (X) FROM ( ) TO BORROWER | 5,346.12 |

## K. SUMMARY OF SELLER'S TRANSACTION

| 400 GROSS AMOUNT DUE TO SELLER | |
|---|---|
| 401 Contract sales price | 178,000.00 |
| 402 Personal property | |
| 403 | |
| 404 | |
| 405 | |
| Adjustments for items paid by seller in advance | |
| 406 City/town taxes to | |
| 407 County taxes to | |
| 408 Assessments to | |
| 409 | |
| 410 | |
| 411 | |
| 412 | |
| **420. GROSS AMOUNT DUE SELLER** | 178,000.00 |
| 500. REDUCTIONS IN AMOUNT DUE TO SELLER: | |
| 501 Excess deposit (see instructions) | |
| 502 Settlement charges to seller (line 1400) | 1,000.00 |
| 503 Existing loan(s) taken subject to | 1,051.68 |
| 504 Payoff of first mortgage loan CHASE MANHATTAN | 29,053.75 |
| 505 Payoff of second mortgage loan | |
| 506 GIFT OF EQUITY | 72,000.00 |
| 507 | |
| 508 | |
| 509 | |
| Adjustments for items unpaid by seller | |
| 510 City/town taxes 01/01/03 to 01/11/03 | |
| 511 County taxes to | |
| 512 Assessments to | 172.82 |
| 513 | |
| 514 | |
| 515 | |
| 516 | |
| 517 | |
| 518 | |
| 519 | |
| 520 TOTAL REDUCTIONS AMOUNT DUE SELLER | 159,278.25 |
| 600 CASH AT SETTLEMENT TO/FROM SELLER | |
| 601 Gross amount due to seller (line 420) | 178,000.00 |
| 602 Less reductions in amount due seller (line 520) | ( 158,278.25 ) |
| 603. CASH ( ) FROM ( X ) TO SELLER | 19,721.75 |

IONAL DOCUMENT SYSTEMS INC. (603) 437-1541

OM DSM KM

HUD-1

P 3469-01 07/07                                    OMB No 2502-0308                 Page 2

## L. SETTLEMENT CHARGES

| | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| 700  TOTAL SALES/BROKER'S COMMISSION based on price $      @      % = | | | |
| Division of commission (line 700) as follows    178,000.00 0.00000    0.00 | | | |
| 701 $ | to | | |
| 702 $ | to | | |
| 703  Commission paid at Settlement | | | |
| 704 | | | |
| **800  ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | |
| 801  Loan Origination Fee | % | | |
| 802  Loan Discount | % | | |
| 803  Appraisal Fee | to  WORLD SAVINGS | 325.00 | |
| 804  Credit Report | $3.05 POC WORLD | | |
| 805  Lender's Inspection Fee | | | |
| 806  Mortgage Insurance Fee | | | |
| 807  Application Fee | | | |
| 808  MTG BROKER FEE TO DFA | | 2,000.00 | |
| 809  FLOOD CERT FEE TO TRANSAMER $4 POC BORR | | 5.00 | |
| 810  FUNDING FEE TO WORLD SAVINGS | | 50.00 | |
| 811  TAX SERVICE FEE TO TRANSAMER | | 68.00 | |
| 812  EQUITY BUILDER FEE TO WORLD SAVINGS | | | |
| 813  PROCESSING FEE TO DFA | | 150.00 | |
| 814  PROCESSING FEE TO WORLD $305 POC BORR | | 350.00 | |
| 815  MTG BKR FEE TO DFA $2000 POC WORLD | | | |
| 816 | | | |
| 817 | | | |
| **900  ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | |
| 901  Interest from 01/31/03 to 02/17/03 @$  15.0300 /day | | 255.51 | |
| 902  Mortgage Insurance Premium for      months to | | | |
| 903  Hazard Insurance Premium for   1   years to  SULLIVAN INS $318 POC BO | | | |
| 904 | years to | | |
| 905 | | | |
| **1000  RESERVES DEPOSITED WITH LENDER** | | | |
| 1001  Hazard Insurance    5  month @ $  12.15  per month | | | |
| 1002  Mortgage Insurance      month @ $      per month | | | |
| 1003  City property taxes   2  month @ $  72.81  per month | | 145.62 | |
| 1004  County property taxes      month @ $      per month | | | |
| 1005  Annual assessments      month @ $      per month | | | |
| 1006      month @ $      per month | | | |
| 1007      month @ $      per month | | | |
| 1008  AGGREGATE ADJUSTMENT | | -36.35 | |
| 1009 | | | |
| **1100  TITLE CHARGES** | | | |
| 1101  Settlement or closing fee | to | | |
| 1102  Abstract or title search | to  FIRST NATIONAL TITLE | 150.00 | |
| 1103  Title examination | to | | |
| 1104  Title insurance binder | to | | |
| 1105  Document preparation | to | | |
| 1106  Notary fees | to | | |
| 1107  Attorney's fees | to  CUSHING & DOLAN, P.C. | 500.00 | |
| (includes above items numbers: | | | |
| 1108  Title insurance | to  OLD REPUBLIC TITLE INS | 723.00 | |
| (includes above item numbers:  $506.10 TO C&D | | | |
| 1109  Lender's coverage | $  250.00 (  100,000.00) | | |
| 1110  Owner's coverage | $  473.00 (  178,000.00) | | |
| 1111 | | | |
| 1112 | | | |
| 1113 | | | |
| **1200  GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | |
| 1201  Recording fees  Deed $  45.00 Mortgage $  65.00 Release $  50.00 | | 110.00 | 50.00 |
| 1202  City/county tax stamps Deed $      Mortgage $ | | | |
| 1203  State tax stamps Deed $  811.68  Mortgage $ | | | 811.68 |
| 1204  OBTAIN/RECORD MLC | | 40.02 | |
| 1205  CERTIFIED COPY OF MORTGAGE | | 12.37 | |
| **1300  ADDITIONAL SETTLEMENT CHARGES** | | | |
| 1301  Survey | to  SULLIVAN SURVEY | | |
| 1302  Pest inspection | to | | |
| 1303 | | | |
| 1304  FED EX TO CUSHING & DOLAN | | 35.00 | 15.00 |
| 1305  DISCHARGE TRACKING FEE TO C&D | | | 75.00 |
| 1306  DEED PREPARATION FEE TO C&D | | | 100.00 |
| 1307 | | | |
| 1308 | | | |
| 1309 | | | |
| 1310 | | | |
| **1400  TOTAL SETTLEMENT CHARGES (enter on lines 103, Section J and 502, Section K)** | | 4,947.92 | 1,051.68 |

Borrower _____    Seller _____

Borrower _____    Seller _____

PROFESSIONAL DOCUMENT SYSTEMS INC.  (603) 437-1541

HUD-1
RESPA HB 4305-2

# QUITCLAIM DEED

We, **PHILIP E. MCADAM and PHILIP B. MCADAM**, of Methuen, Essex County, Massachusetts for consideration paid and in full consideration of ONE HUNDRED SEVENTY-EIGHT THOUSAND AND 00/100 ($178,000.00) DOLLARS

grant to **DANA P. MCADAM**, Individually, of 1 Arcola Street, Methuen, Massachusetts

with **QUITCLAIM COVENANTS**,

That certain parcel of land situate in Methuen in the County of Essex and said Commonwealth, bounded and described as follows:

| | |
|---|---|
| Northerly | by Tobey Avenue one hundred fifty-five and 39/100 (155.39) feet; |
| Easterly | by Arcola Street eighty-one and 67/100 (81.67) feet; |
| Southerly | by lots numbered four hundred thirty-six (436), four hundred thirty-two (432), four hundred thirty-one (431) and four hundred thirty (430) on plan hereinafter mentioned one hundred fifty-five (155) feet, and |
| Westerly | by lot numbered four hundred forty-three (443) on said plan ninety-two and 67/100 (92.67) feet. |

All of said boundaries are determined by the Court to be located as shown on Plan No. 654B, drawn by F. T. Westcott, Engineer, dated July 3, 1917, as modified and approved by the Court, filed in the Land Registration Office, a copy of a portion of which is filed with Certificate of Title No. 640, Book 2, Page 453, and being designated as lots numbered four hundred thirty-seven (437) to four hundred forty-two (442) inclusive thereon.

The above described land is subject to any rights of way lawfully existing in favor of land claimed by Fred C. Tobey, Trustee, shown as Lot B on a plan filed in the Land Registration Office at Boston, numbered 6549A, and also in favor of land to the west of said Lot B, so far, if at all, as such rights may affect the above described land.

For grantor's title, see deed recorded with the Essex North Registry of Deeds in the Registered Land Section as Certificate No. 10382, Book 74, Page 333.

SEE END PAGE FOR SIGNATURES

*Dana P. Meadam*
*1 Arcola St*
*Methuen, MA*

*Property: 1 Arcola Street, Methuen*

Witness our hands and seal this ___31st___ day of ___January___, 2003.

Philip E. McAdam

Philip B. McAdam

## COMMONWEALTH OF MASSACHUSETTS

Essex, ss                                    Date: ___January 31, 2003___

Then personally appeared the above-named Philip E. McAdam and Philip B. McAdam and acknowledged the foregoing instrument to be their free act and deed, before me,

Alicia Champagne
Notary Public
My comm. exp:    2/11/05

## COMMONWEALTH OF MASSACHUSETTS

Essex, ss.

Superior Court
Civil Action No.

---

DANA P. McADAM,
      **Plaintiff**

v.

CUSHING & DOLAN, P.C. and
OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY and
MOUNTAIN PEAKS FINANCIAL
SERVICES, INC.,
      **Defendants**

---

## AFFIDAVIT OF DANA P. McADAM

I, Dana P. McAdam, do hereby make this affidavit of my own personal knowledge as follows:

1.     I am the Plaintiff in this case, and I reside in my principal residence at 1 Arcola Street, Methuen, MA 01844 ("the Property").

2.     I acquired the Property at a closing on January 31, 2003, pursuant to a transaction involving my father and brother. Prior to the closing, I had no knowledge or information about the existence of a lien in favor of the Defendant, Mountain Peaks Financial Services, Inc.

3.     At the time of the closing, there was a discussion involving the attorney for the Defendant, Cushing & Dolan, P.C., where the attorney advised us of the existence of the lien on the Property. Based upon these conversations, I was of the understanding that I was purchasing the Property free and clear of this lien.

4.      Subsequent to my acquisition of the Property, I received notice, as referred to in the Verified Complaint filed herewith, that a Sheriff's sale was to be conducted at my Property. At no point in time have I ever been obligated to the Defendant, Mountain Peaks Finance Services, Inc.

5.      Subsequent to receipt of such notice, on my behalf, my counsel notified the title insurance company of the nature of the issues involved, and, with knowledge of the title insurance coverage, made a request upon counsel for the Defendant, Mountain Peaks Financial Services, Inc., for forbearance in order for insurance issues to be sorted out, rather than to conduct a sale of my primary residence. A copy of such request referred to herein, is attached hereto and marked as Exhibit "1".

6.      In response, counsel for the Defendant, Mountain Peaks Financial Services, Inc., has refused the request, notwithstanding the existence of insurance coverage, and has insisted he intends to proceed forward. A copy of such response referred to herein, is attached hereto and marked as Exhibit "2".

7.      I submit this affidavit of my own personal knowledge, and in support of my request for injunctive relief. I state that there is a likelihood or irreparable harm to me if my home is caused to be sold by Sheriff's sale on behalf of the claims by the Defendant, Mountain Peaks Financial Services, Inc.

Signed under the pains and penalties of perjury this 28th day of February, 2005.

_____
Dana P. McAdam

Utilisez le gabarit Case 1:05-cv-10530-JLT    Document 3    Filed 03/18/2005    Page 11 of 17     AVERY 8163

| EXECUTION ON MONEY JUDGMENT | DOCKET NO | Trial Court of Massachusetts |
|---|---|---|
| CASE NAME | 9418 CV 1254 | District Court Department |

Mountain Peaks Financial Services, Inc.
*Judgment Creditor*

vs.

Philip B. McAdam

*Judgment Debtor*

ESSEX COUNTY SHERIFF'S DEPARTMENT
Division of Civil Process
381 Common Street
Lawrence, MA 01842

COURT

Lawrence District Court
2 Appleton Street
Lawrence, MA 01840-1525
(978) 687-7184

## TO THE SHERIFFS OF THE SEVERAL COUNTIES OR THEIR DEPUTIES, OR (SUBJECT TO G.L. c. 41, § 92) ANY CONSTABLE OF ANY CITY OR TOWN, WITHIN THE COMMONWEALTH:

The Judgment Creditor named above has recovered judgment against the Judgment Debtor named above in the amount shown below.

**WE COMMAND YOU**, therefore, from out of the value of any real or personal property of such Judgment Debtor found within your territorial jurisdiction, to cause payment to be made to the Judgment Creditor in the amount of the "Execution Total" shown below, plus additional postjudgment interest as provided by G.L. c. 235, § 8 on the "Judgment Total" shown below commencing from the "Date Execution Issued" shown below at the "Annual Postjudgment Interest Rate" shown below, and to collect your own fees, as provided by law.

This Writ of Execution is valid for twenty years from the "Date Judgment Entered" shown below. It must be returned to the clerk-magistrate's office of this court, along with your return of service, within ten days after this judgment has been satisfied or discharged, or after twenty years if this judgment remains unsatisfied or undischarged.

| | | | |
|---|---|---|---|
| 1. | Judgment Total | $ | 261,219.56 |
| 2. | Date Judgment Entered | | 2/16/01 |
| 3. | Date Execution Issued | | 2/27/01 |
| 4. | Number of Days from Judgment to Execution (Line 3 - Line 2) | | 11 Days |
| 5. | Annual Postjudgment Interest Rate (G.L. c.235, § 8 & c.231, §§ 6B-6C) | | 12.00% |
| 6. | Daily Postjudgment Interest Rate (Line 4 ÷ 365) | | 0.0329% |
| 7. | Postjudgment Interest from Judgment to Execution (Lines 1x4x6) | | $944.68 |
| 8. | Postjudgment Costs (if any) | $ | |
| 9. | Credits (if any) | $ | 0.00 |
| | | $ | 0.00 |
| 10. | **EXECUTION TOTAL** (Lines 1+7+8 minus Line 9) | $ | **262,164.24** |

| LEVYING OFFICER: | (a) Add daily interest from date execution issued: | $ | |
|---|---|---|---|
| | (b) Add your fees as provided by law: | $ | |

TESTE OF FIRST JUSTICE

WITNESS: Hon. Michael T. Stella, Jr.

*DATE EXECUTION ISSUED*

February 27, 2001

CLERK-MAGISTRATE/ASST. CLERK

**TRUE ATTEST COPY**

**DEPUTY SHERIFF**

AVERY 8163      1-800-GO-AVERY      www.avery.com      Use Avery TEMPLATE 8163

74628 74628

DOCUMENT NO

MAR02'01 PM 3:15

March 2 2001

Essex North Registry Distr Co.

Received for Registration

3 O'CLOCK 15 M PM.

ENTD ON CERTIFICATE NO 10328

74 333





# Essex County Sheriff's Department
## Division of Civil Process

381 Common Street
3rd Floor
Lawrence, MA 01840

Frank G. Cousins, Jr.
Sheriff

Thomas Goff
Superintendent

Carl Duemling
Director

Telephone:
(978) 683-7810
Fax: (978) 683-8205
www.eccf.com

Date: March 2, 2001    Time: 2:00pm

Plaintiff: Mountain Peaks Financial Services, Inc.

Plaintiff's Attorney:  Richard W. Gannett
Attorney's telephone number:  617-367-0606

Defendant:  PHILIP B. McADAM

Certificate of Title #: 10382

Court of Issue: Lawrence District   Execution #9418 CV 1254

*See    Attached*

By virtue of the attached execution, the original of which is in my hands for the purpose of taking the above described real estate, I have this day levied upon, seized and taken all right, title and interest that the within named Judgment Debtor had in such real estate in Essex County .

Attached is a true copy of this execution on the above so much of my return as relates to the levying upon, seizure, and taking of this real estate on the execution.

And immediately afterward, I suspended the further levy on this execution upon the above described real estate by written request of the attorney for the within named judgment creditor.

Deputy Sheriff

Deputy Sheriff

AMESBURY • ANDOVER • BEVERLY • BOXFORD • DANVERS • ESSEX • GEORGETOWN • GLOUCESTER • GROVELAND • HAMILTON • HAVERHILL
IPSWICH • LAWRENCE • LYNN • LYNNFIELD • MANCHESTER • MARBLEHEAD • MERRIMAC • METHUEN • MIDDLETON • NAHANT • NEWBURY • NEWBURYPORT
NORTH ANDOVER • PEABODY • ROCKPORT • ROWLEY • SALEM • SALISBURY • SAUGUS • SWAMPSCOTT • TOPSFIELD • WENHAM • WEST NEWBURY

Form G

333

# Transfer Certificate of Title ✓

No. 1,0,3,8,7.

From Transfer... Certificate No. 5935...... Originally Registered August 39,.. 19,66., in Registration Book .40..... Page .141..... for the Northern Registry District of Essex County.

**This is to Certify** that Philip E. McAdam and Philip B. McAdam, both

of Methuen...... in the County of .. Essex........ and Commonwealth of Massachusetts ~~married to~~

are ..........

the owner s.......... in fee simple as tenants in common........

of that certain parcel of land situate in Methuen......

in the County of Essex and said Commonwealth, bounded and described as follows:

Northerly by Tobey Avenue one hundred fifty five and 39/100 (155.39) feet,

Easterly by Arcola Street eighty one and 67/100 (81.67) feet,

Southerly by lots four hundred thirty six (436), four hundred thirty two (432), four hundred thirty one (431) and four hundred thirty (430) on plan hereinafter mentioned one hundred fifty five (155) feet, and

Westerly by lots four hundred forty three (443) on said plan ninety two and 67/100 (92.67) feet.

All of said boundaries are determined by the Court to be located as shown on Plan No. 6549 B drawn by J. J. Westcott, Engineer, dated July 3, 1912, as modified and approved by the Court, filed in the Land Registration Office, a copy of a portion of which is filed with Certificate of Title No. 640, Book X, Page 453, and being designated as lots four hundred thirty seven (437) to four hundred forty two (442) inclusive thereon.

The above described land is subject to any rights of way lawfully existing in favor of land claimed by Fred C. Tobey, Trustee, shown as Lot B on a plan filed in the Land Registration Office at Boston, numbered 6549a, and also in favor of land to the west of said Lot B, so far, if at all, as such rights may affect the above described land.

Property Address: 40 Tobey Avenue, Methuen, Mass.

Owner Address: 40 Tobey Avenue, Methuen, Mass.

Case No. 6549

334

And it is further certified that said land is under the operation and provisions of Chapter 1...
General Laws, and any amendments thereto, and that the title of said *Philip E. Mc Adam...*
*Philip. B. Mc. Adam...*

to said land is registered under said Chapter, subject, however, to any of the encumbrances mentioned in...
forty-six of said Chapter, and any amendments, thereto, which may be subsisting, and subject also to ...
*aforesaid, and to the encumbrances appearing on the other side*
*This certificate...*

Witness, MARILYN M. SULLIVAN, Chief Justice of the Land Court, at Lawrence, in said County...
Essex, the *twenty second*..........day of ..*October*.............................in the year nineteen hun...
and *eighty seven*.......at...*9*....o'clock and ...*2.9*....minutes in the ...*fore*.. noon.
Attest, with the Seal of said Court.

..........*Thomas Burke*..........
Assistant Recorder

LENDER:        WORLD SAVINGS
BORROWER(S): DANA P McADAM
SELLER(S):     PHILIP B MCADAM & PHILIP E MCADAM
PROPERTY:      1 ARCOLA STREET
               METHUEN , Massachusetts 01844
               ESSEX NORTH COUNTY

I/We/It, the undersigned Owner(s), being duly sworn, upon oath depose and say:

A. MECHANICS AND MATERIALMEN'S LIENS:

1. That I/we am (are) the present owners and am (are) in possession of the subject Premises which are free of any tenancy, lease or life estate, condominiums with tenants, Except:

_____

2. That said Premises were fully completed, or any work which was done on said Premises were fully completed, more than                          93                  days prior to the date hereof, and that all bills for labor and materials incurred in construction thereof have been fully paid and satisfied, except for the following:

_____

3. That there are no outstanding claims, bills or liens of any kind or character against said Premises for labor performed thereon or materials furnished thereto.

4. The undersigned does hereby agree to indemnify and hold harmless the buyer, the lender and its title insurance company against any loss or damage which it/they may sustain by reason of the placing or filing of liens against said real estate and buildings thereon by sub-contractor, or materialmen, whether his own or those of sub-contractors, whether such laborers, services or materials were furnished by the owner, or sub-contractor, or materialmen, or employees of sub-contractor, including reasonable costs and attorney's fees.

B. CONDOMINIUMS:

1. That all condominium fees have been paid through the date of closing.

2. That there are no special assessments assessed against Premises except as follows:

_____

3. That the Condominium Association has no option or right of first refusal or such right(s) have been waived as evidenced by documents provided.

C. OTHER:

1. There are no outstanding claims, bills, liens, attachments, pending suits or attachment petitions of any kind or character except the first mortgage being discharged except:

_____

2. That this Affidavit is made for the purpose of inducing the purchase of the above property by the Buyer(s), the lending of funds secured by a mortgage upon said premises by the Lender and the issuance of a policy of title insurance to said Lender and/or Purchaser.

MC061(9404)

OWNERS AFFIDAVIT (Cont'd.)

Dated at WILMINGTON _____ ,Massachusetts _____ , this 31st _____ day of January _____ , 2003

_____
WITNESS

_____
OWNER     DANA P. McADAM

_____
OWNER

_____
OWNER

_____
OWNER

STATE OF MASSACHUSETTS                    COUNTY OF MIDDLESEX

Personally appeared the above-named  owners and acknowledged  that the above Affidavit, by Him/Her Them subscribed, it is true. Before me,

DATED: 1/31/03

_____
Alicia Champagne
Notary Public
My commission expires February 11th, 2005.