UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10530-JLT

|  |  |
|---|---|
| MOUNTAIN PEAKS<br>FINANCIAL SERVICES, INC., | ) |
|  | ) |
| Plaintiff Judgment Creditor, | ) |
|  | ) |
| v. | ) |
|  | ) |
| PHILIP B. MCADAM, | ) |
|  | ) |
| Defendant Judgment Debtor. | ) |

**PLAINTIFF JUDGMENT CREDITOR MOUNTAIN PEAKS FINANCIAL SERVICES, INC.'S
OPPOSITION TO DEFENDANT JUDGMENT DEBTOR PHILIP B. MCADAM'S MOTION
TO DISMISS FOR "FAILURE OF VENUE"**

The plaintiff judgment creditor, Mountain Peaks Financial Services, Inc. ("Mountain"),

hereby opposes the defendant judgment debtor  Philip B. McAdam's ("McAdam") motion to

dismiss its complaint for "failure of venue."  In the event that the Court is inclined to dismiss

under the doctrine of *forum non conveniens,* Mountain, as an alternative argument, respectfully

requests that the Court transfer the action to the United States District Court for the District of

New Hampshire pursuant to 28 U.S.C. 1404(a).  In support of its opposition and alternative

argument, Mountain states the following:

I.    Defendant McAdam Established Minimum Contacts With Massachusetts Such
      That Defendant McAdam Could Reasonably Expect To Be Haled Into A Court
      Located In Massachusetts.

In this Federal Circuit this District Court may exercise personal jurisdiction over

McAdam under the "specific personal jurisdiction" analysis as enunciated in  Phillips Exeter

Academy v. Howard Phillips Fund, Inc. 196 F. 3d 284 (1st Cir. 1999). In Phillips, this Federal

Circuit established a tripartite test to evaluate personal jurisdiction motions plead under Fed. R. Civ. P. 12(h)(2). Mountain believes (and is opposing McAdam's motion) under the <u>Phillips</u> analysis; McAdam claims dismissal for "failure of venue." <u>Phillips</u> establishes relatedness, purposeful availment and so-called "Gestalt factors" as the prongs when evaluating "specific personal jurisdiction." Each prong must be satisfied and Mountain contends each is.

II.     Defendant McAdam Has Engaged In No Less Than Six Different Acts In Conjunction With Or Related To The Mountain Judgment And Underlying Claims Such That Personal Jurisdiction Over McAdam Is Warranted.

A.     On or about April 1, 1988, McAdam bought real property located at 89 Franklin Street, Haverhill, Massachusetts, and failed to pay for it resulting in a Massachusetts foreclosure and the underlying judgment. *See* Exhibit A 1988 Mortgage, executed by McAdam in the Commonwealth of Massachusetts to Northeastern Mortgage.

B.     In conjunction with the underlying civil action resulting in a Massachusetts judgment, McAdam was served with process in the Commonwealth of Massachusetts by a Deputy Sheriff of Essex County. The Essex County Deputy Sheriff served McAdam at 16 Tobey Avenue, Methuen, Massachusetts. According to public records, 16 Tobey Avenue and 1 Arcola Avenue is the same physical location as the City of Methuen changed the address and recorded this change in the Essex County Registry of Deeds. *See* Exhibit B Return of Service.

C.     On January 30, 2001, McAdam voluntarily appeared in a Massachusetts state court and filed a motion in an attempt to vacate the previously entered judgment. In connection with this motion to vacate and appearance on January 30, 2001, McAdam never claimed that this Massachusetts court could not exercise personal jurisdiction over him. *See* Exhibit C Motion to Vacate.

2

D.      Shortly after his first motion to vacate was denied, McAdam filed a second motion to vacate judgment. This second motion was denied as well. *See* Exhibit D Denial of Motion to Vacate.

E.      In connection with said Massachusetts lawsuit, McAdam filed a notice of appeal. McAdam abandoned the appeal. McAdam purposefully availed himself of the jurisdiction of the Massachusetts court. *See* Exhibit E Notice of Appeal.

F.      When traditional challenges to the state court judgment were not efficacious, McAdam turned to the nontraditional. McAdam and others performed various acts and proceedings in the Commonwealth of Massachusetts to extricate himself from the Massachusetts judgment. McAdam transferred (for no consideration) the levied 1 Arcola Street property to his brother, Dana P. McAdam. There was a cash out component according to the HUD-1. It is undisputed that McAdam's acts to extricate himself from the judgment all occurred in Massachusetts: the signing of a deed before a Massachusetts notary public, attending a Massachusetts closing in Wilmington, Massachusetts in 2003 and executing sworn affidavits at said Massachusetts closing averring lack of knowledge of any liens or judgments. *See* Exhibit F Closing Documents.

G.      McAdam initialed a HUD-1 during a closing in 2003 in Wilmington, Massachusetts stating he was the donor of a $77,000.00 "gift of equity" to his brother, Dana P. McAdam, a "badge of fraud" which occurred in Massachusetts. *See* Exhibit G HUD-1.

III.    McAdam Has Waived His Fed. R. Civ. P. 12(b)(2) Defense By Answering A Complaint And Submitting To The Jurisdiction Of The Essex County Superior Court Six Days After He Informed This Court There Was No Jurisdiction.

On April 26, 2005, six days after McAdam filed a motion in this District Court claiming

3

personal jurisdiction over him was improper because he resided in New Hampshire, McAdam answered a Complaint of Old Republic National Title Insurance Company in the Essex County Superior Court in which neither defense of "failure of venue" nor lack of personal jurisdiction was raised. *See* Exhibit H answer.

IV.    Personal Jurisdiction Is Proper In The United States District Court For The District Of Massachusetts.

If personal jurisdiction in a Massachusetts Superior Court would be proper under the Massachusetts Long Arm Statute, G.L. c. 223A, sec.3, then personal jurisdiction in this District Court is proper. *See* Shipley Company, Inc. v. Clark 728 F. Supp. 818 (D. Mass. 1990). *Id* at 821. McAdam answered a complaint brought by Old Republic National Title Insurance Company in the Essex County Superior Court on April 26, 2005, just six days after claiming there is no jurisdiction in this Court. McAdam did not assert any of the alleged defenses he is raising in this District Court in his Essex County Superior Court Answer. McAdam believes personal jurisdiction over him in Massachusetts is proper because he never plead that defense in the Essex County Superior Court action. *See* Exhibit H general appearance and answer of Philip B. McAdam to complaint of Old Republic National Title Insurance Company.

WHEREFORE, Mountain Peaks Financial Services, Inc. requests the following relief:

I.    That the Court deny Philip B. McAdam's motion to dismiss;

II.    That the Court conduct an evidentiary hearing on McAdam's motion;

III.    That the Court strike the affidavit of McAdam's attorney as it is not based upon personal knowledge;

IV.    That the Court take judicial notice of the pleadings filed by McAdam in the Essex County Superior Court and deny the motion based upon principles of waiver and estoppel;

4

V.    That the Court, as an alternative, transfer the within action to the United States District Court for the District of New Hampshire under 28 U.S.C. 1404(a) if it is inclined to dismiss it;

VI.    That the Court permit discovery to proceed aimed solely at personal jurisdiction;

VII.    That the Court deem the motion to dismiss waived due to the waiver of lack of personal jurisdiction in the Essex County Superior Court; and

VIII.    For further relief as this Court deems just and proper.

Mountain Peaks Financial Services, Inc.<br>
Plaintiff Judgment Creditor,<br>
By its attorney,

_____<br>
Richard W. Gannett, Esquire<br>
BBO # 184430<br>
Gannett & Associates<br>
165 Friend Street, Suite 200<br>
Boston, MA 02114-2025<br>
(617) 367-0606

Dated: May 4, 2005

## CERTIFICATE OF SERVICE

I, Richard W. Gannett, hereby certify that on May 4, 2005, I served a copy of the within Plaintiff Judgment Creditor Mountain Peaks Financial Services, Inc.'s Opposition to Defendant Judgment Debtor Philip B. McAdam's Motion to Dismiss for "Failure of Venue" upon the following individual by U.S. Mail postage prepaid, upon:

Basbanes & Chenelle
648 Central Street
Lowell, MA 01852

_____<br>
Richard W. Gannett

# NOTE

APRIL    1ST         , 19 88         North Andover        , Massachusetts

89 FRANKLIN STREET              HAVERHILL       (City)        (MA) 01830
                                        (Property Address)

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ ___140,100.00___ (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is _____
NORTHEASTERN MORTGAGE COMPANY INC. _____ I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of ___10.125___ %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making payments every month.

I will make my monthly payments on the _____ day of each month beginning on ___MAY___ ___1ST___ 19___88___. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on ___APRIL___ ___1ST___, ___2018___, I still owe amounts under this Note, I will pay these amounts in full on that date, which is called the "maturity date."

I will make my monthly payments at ___P.O. BOX 3299, BOSTON, MA    02241___
or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $ ___1242.44___

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of ___15___ calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be ___3.00___ % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**MULTISTATE FIXED RATE NOTE—Single Family—FNMA/FHLMC UNIFORM INSTRUMENT**                    Form 3200 12/83

NE 2005 Rev 1/87

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

Witness _____    William G. Greene III _____ (Seal)
                                                                    Borrower

_____    Philip R. McAdan _____ (Seal)
                                                                    Borrower

_____ (Seal)
                                                                    Borrower

_____ (Sign Original Only)

_____ (Seal)

Pay to the order of _____
WITHOUT RECOURSE

Northeastern Mortgage Company, Inc.

Form DCM - 13

# Commonwealth of Massachusetts
## District Court Department of The Trial Court
### LAWRENCE DIVISION

ESSEX, ss

MOUNTAIN PEAKS FINANCIAL SERVICES,
INC.,

        Plaintiff,

v.

WILLIAM G. GREENE, III and
PHILIP B. MCADAM,

        Defendants.

Civil Action No. ___94 CV 1254___

## SUMMONS
### (Rule 4)

To defendant ___Philip B. McAdam___ of ___16 Tobey Avenue  Methuen, MA___
                        (name)                            (address)

You are hereby summoned and required to serve upon ___Richard W. Gannett, Esquire___, plaintiff's attorney), whose address is ___92 State Street Boston, MA 02109-2006___, a copy of your answer to the complaint which is herewith served upon you. within 20 days after service of this summons. exclusive of the day of service. You are also required to file your answer to the complaint in the office of the Clerk of this court either before service upon plaintiff's attorney). or within 5 days thereafter. If you fail to meet the above requirements. judgment by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a). your answer must state as a counterclaim any claim which you have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS ___KEVIN M. HERLIHY___, Presiding Justice. on _____

(SEAL)                                       (date)

                            CLERK-MAGISTRATE

Note: (1) When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

      (2) The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons before it is served.

### RETURN OF SERVICE

On ___DEC. 30, 1994___ I served a copy of the within summons. together with a copy of the complaint in
    (date of service)          **STATEMENT OF DAMAGES**
this action. upon the within named defendant. in the following manner (see Rule 4 (d) (1-5)
BY LEAVING AT THE LAST AND USUAL PLACE OF ABODE OF PHILIP B MCADAM (18 TOBY AVE, METHUEN, MA
A COPY OF THIS SUMMONS WAS MAILED FIRST-CLASS TO THE DEFENDANT AT THE ABOVE ADDRESS.

| | |
|---|---|
| SERVICE | $10.00 |
| COPIES | 2.00 |
| TRAVEL | 6.00 |
| USE OF CAR | 5.50 |
| L&U MAILING | 2.50 |
| | $26.00 |

DEPUTY SHERIFF       (signature)

                      (name and title)

                      (address)

Note: (1) The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process. Rule 4(f).

      (2) Please place date you make service on defendant in the box on the copy served on the defendant. on the original returned to the court. and on the copy returned to the person requesting service or his attorney.

      (3) If service is made at the last and usual place of abode, the officer shall forthwith mail first-class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was mailed. WAS NECESSARY AND I ACTUALLY
                                  USED A MOTOR VEHICLE 25 MILES
This form prescribed by the Chief Justice of the District Courts  BOTH WAYS

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss                                LAWRENCE DISTRICT COURT
                                         Civil Action No.:9418CV1254

RECEIVED

MAR 2 9 2001

GANNETT & ASSOCIATES

)
)
GENERAL ELECTRIC MORTGAGE    )
INSURANCE CORPORATION        )
            Plaintiff,       )
                             )
v.                           )        MOTION TO VACATE
                             )        DEFAULT JUDGMENT
PHILIP B. McADAM,            )
            Defendant        )
                             )

*[handwritten: 3/27/01 Denied 2/16/01 The Judgment was valid. SO ST]*

    NOW COMES Defendant, Philip B. McAdam, and pursuant to
M.R.C.P. 60 (b)(1) and (6) requests this Honorable court vacate the Default
Judgment entered against him on or about February 16, 2001.

    As grounds for this Motion, Defendant states that he field a Motion
and appeared before this Court on January 30, 2001 requesting to file his
Answer prior to the entry of said Default.

    As a matter of due process the Defendant should be allowed
opportunity of a defense.

                              Respectfully submitted,
                              Philp B. McAdam
                              By his attorney

                              Michael S. Lalikos
                              LALIKOS & LALIKOS
                              8 Essex Center Drive
                              Peabody, MA 01960
                              (978) 532-5200
                              BBO# 554973

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the
above document was served upon the
attorney of record for each other party
by mail hand on  3/ /01

C

*[stamp: MAR 2 12 57 PM '01 DISTRICT COURT LAWRENCE DIV. SUBMITTED TO RECORD]*

ALIKOS & LALIKOS
ATTORNEYS AT LAW
ESSEX CENTER DRIVE
PEABODY, MA 01960

EPHONE (978) 532-5200

12.

RECEIVED
FEB 01 2001
GANNETT & ASSOCIATES

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss

**LAWRENCE DISTRICT COURT**
Civil Action No. 9418CV1254

*1-30-01*
*After hearing, denied.*
*A's has not shown the*
*4+ years of delay is*
*justifiable. A's affidavit*

GENERAL ELECTRIC MORTGAGE
INSURANCE CORPORATION
        Plaintiff,

v.

PHILIP B. McADAM,
        Defendant

)
)
)
)
)
)
)
)
)
)
)

**MOTION TO VACATE DEFAULT
JUDGMENT**

*does not come close to*
*alleging- let alone proving-*
*that he did not receive*
*actual notice of this action in 1995.*

    NOW COMES Defendant, Philip B. McAdam and pursuant to M.R.C.P. 60
(b)(4)and (6) requests this Honorable Court vacate the Default Judgment entered against
him on or about July 25, 1995 and allow him to file his Answer. *Service in 1995 was facially valid + the evidence*

    As grounds for this Motion, Defendant states that he was not properly served and *before*
said Judgment is void pursuant to M.R.C.P. 60 (b) (4) and there are extraordinary *me, includes*
circumstances that entitle the Defendant to relief under M.R.C.P. 60 (b) (6). *A's affidavit*

    In support of this Motion Defendant encloses his Memorandum of Law and *support rather*
Affidavit.

*then undercuts the conclusion that service was valid*

*Finally, other that a suggestion that his procrastination should allow him to ... a claim ... of the statute of limitations, D ... valid ... No reason justifies relief under Mass R Civ P 60(b)(6)*

Respectfully submitted
Philip B. McAdam
By his attorney

*Mass R Civ P 60(b)(4).*

Dated: 1/12/01

Michael S. Lalikos
**LALIKOS & LALIKOS**
52A Maple Street
Danvers, MA 01923
(978) 777-1463
BBO# 554973

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the
above document was served upon the
attorney of record for each other party
by mail hand on ____1/12/01

ALIKOS & LALIKOS
ATTORNEYS AT LAW
52A MAPLE STREET
IVERS, MA 01923-2812

EPHONE (978) 777-1463

*DISTRICT COURT
LAWRENCE DIV.
ADMITTED TO RECORD
JAN 16 3 42 PM '01*

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss

LAWRENCE DISTRICT COURT
Civil Action No. 200CV1254

RECEIVED
APR 10 2001
GANNETT & ASSOCIATES

GENERAL ELECTRIC MORTGAGE
INSURANCE CORPORATION
           Plaintiff,

  v.

PHILIP B. McADAM,
          Defendant

)
)
)
)
)
)
)
)
)
)

NOTICE OF APPEAL

    NOW COMES Defendant, Philip B. McAdam, and appeals this Court's March 27,2001 denial of his Motion to Vacate Default Judgment. *of February 16, 2001.*

    As grounds for this Motion, Defendant states that the Default Judgment was a mutual mistake of both parties and the Court all involved were under the impression that a Default Judgment had entered prior thereto when they appeared in Court on January 30,2001 to remove a Default Judgment that had not yet entered.

    The Court denied that Motion on the completely different legal standing of a Removal of a Default Judgment over a year old rather than a removal of a Default, which would have been the proper matter for hearing.

    The January 30,2001 hearing is a nullity and the March 27,2001 Motion was improperly denied as there clearly was a mutual mistake by all involved.

Respectfully submitted,

Dated: 4/5/01

Philip B. McAdam
6 Shelly Dr.
Pelham, N.H.

I certify that I have served a copy of said Notice by First-class mail to Plaintiff's Counsel, Richard W. Gannett, Esq., this     day of April, 2001

Philip B. McAdam

# QUITCLAIM DEED

We, **PHILIP E. MCADAM and PHILIP B. MCADAM**, of Methuen, Essex County, Massachusetts for consideration paid and in full consideration of ONE HUNDRED SEVENTY-EIGHT THOUSAND AND 00/100 ($178,000.00) DOLLARS

grant to **DANA P. MCADAM**, Individually, of 1 Arcola Street, Methuen, Massachusetts

with **QUITCLAIM COVENANTS**,

That certain parcel of land situate in Methuen in the County of Essex and said Commonwealth, bounded and described as follows:

| | |
|---|---|
| Northerly | by Tobey Avenue one hundred fifty-five and 39/100 (155.39) feet; |
| Easterly | by Arcola Street eighty-one and 67/100 (81.67) feet; |
| Southerly | by lots numbered four hundred thirty-six (436), four hundred thirty-two (432), four hundred thirty-one (431) and four hundred thirty (430) on plan hereinafter mentioned one hundred fifty-five (155) feet, and |
| Westerly | by lot numbered four hundred forty-three (443) on said plan ninety-two and 67/100 (92.67) feet. |

All of said boundaries are determined by the Court to be located as shown on Plan No. 654B, drawn by F. T. Westcott, Engineer, dated July 3, 1917, as modified and approved by the Court, filed in the Land Registration Office, a copy of a portion of which is filed with Certificate of Title No. 640, Book 2, Page 453, and being designated as lots numbered four hundred thirty-seven (437) to four hundred forty-two (442) inclusive thereon.

The above described land is subject to any rights of way lawfully existing in favor of land claimed by Fred C. Tobey, Trustee, shown as Lot B on a plan filed in the Land Registration Office at Boston, numbered 6549A, and also in favor of land to the west of said Lot B, so far, if at all, as such rights may affect the above described land.

For grantor's title, see deed recorded with the Essex North Registry of Deeds in the Registered Land Section as Certificate No. 10382, Book 74, Page 333.

SEE END PAGE FOR SIGNATURES

Dana P. McAdam
1 Arcola St
Methuen, MA

*Property, 1 Arcola Street, Methuen*

Witness our hands and seal this ___31st___ day of ___January___, 2003.

*Philip E. McAdam*
Philip E. McAdam

*Philip B. McAdam*
Philip B. McAdam

## COMMONWEALTH OF MASSACHUSETTS

Essex, ss                                      Date:___January 31, 2003___

Then personally appeared the above-named Philip E. McAdam and Philip B. McAdam and acknowledged the foregoing instrument to be their free act and deed, before me,

Alicia Champagne
Notary Public
My comm. exp:    2/11/05

LENDER:           WORLD SAVINGS
BORROWER(S): DANA P McADAM
SELLER(S):        PHILIP B MCADAM & PHILIP E MCADAM
PROPERTY:         1 ARCOLA STREET
                  METHUEN , Massachusetts 01844
                  ESSEX NORTH COUNTY

I/We/It, the undersigned Owner(s), being duly sworn, upon oath depose and say:

## A.  MECHANICS AND MATERIALMEN'S LIENS:

1. That I/we am (are) the present owners and am (are) in possession of the subject Premises which are free of any tenancy, lease or life estate, condominiums with tenants, Except:

_____

2. That said Premises were fully completed, or any work which was done on said Premises were fully completed, more than                93              days prior to the date hereof, and that all bills for labor and materials incurred in construction thereof have been fully paid and satisfied, except for the following:

_____

3. That there are no outstanding claims, bills or liens of any kind or character against said Premises for labor performed thereon or materials furnished thereto.

4. The undersigned does hereby agree to indemnify and hold harmless the buyer, the lender and its title insurance company against any loss or damage which it/they may sustain by reason of the placing or filing of liens against said real estate and buildings thereon by sub-contractor, or materialmen, whether his own or those of sub-contractors, whether such laborers, services or materials were furnished by the owner, or sub-contractor, or materialmen, or employees of sub-contractor, including reasonable costs and attorney's fees.

## B.  CONDOMINIUMS:

1. That all condominium fees have been paid through the date of closing.

2. That there are no special assessments assessed against Premises except as follows:

_____

3. That the Condominium Association has no option or right of first refusal or such right(s) have been waived as evidenced by documents provided.

## C.  OTHER:

1. There are no outstanding claims, bills, liens, attachments, pending suits or attachment petitions of any kind or character except the first mortgage being discharged except:

_____

2. That this Affidavit is made for the purpose of inducing the purchase of the above property by the Buyer(s), the lending of funds secured by a mortgage upon said premises by the Lender and the issuance of a policy of title insurance to said Lender and/or Purchaser.

OWNERS AFFIDAVIT (Cont'd.)

Dated at WILMINGTON        , Massachusetts        , this 31st        day of January        , 2003

WITNESS

OWNER        DANA P. McADAM

OWNER

OWNER

OWNER

**STATE OF MASSACHUSETTS**                **COUNTY OF MIDDLESEX**

Personally appeared the above-named owners and acknowledged that the above Affidavit, by Him/Her Them subscribed, it is true. Before me,

DATED: 1/31/03

Alicia Champagne
Notary Public
My commission expires February 11th, 2005.

F.2851.01.81/87

OMB No. 2502-0265 Page 1

**B TYPE OF LOAN**

| 1 | ☐ FHA | 2 | ☐ FMHA | 3 | ☒ CONV UNINS |
| 4 | ☐ VA | 5 | ☐ CONV INS | | | |

6 File Number: 7047
7 Loan Number: 19279650
19279652
8 Mortgage Insurance Case Number:

**SETTLEMENT STATEMENT**

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals. WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

D. NAME OF BORROWER: DANA D. MCADAM
ADDRESS: 1 ARCOLA STREET
METHUEN, MA 01844

E. NAME OF SELLER: PHILIP B MCADAM & PHILIP E MCADAM
ADDRESS:

F. NAME OF LENDER: WORLD SAVINGS
ADDRESS: 4101 WISEMAN BLVD. BLDG. 102
SAN ANTONIO, Texas 78251

G. PROPERTY LOCATION: 1 ARCOLA STREET
METHUEN, Massachusetts 01844
ESSEX NORTH COUNTY

H. SETTLEMENT AGENT: CUSHING & DOLAN, P.C.
ADDRESS 299 MAIN STREET
WILMINGTON, MASSACHUSETTS 01887

PLACE OF SETTLEMENT
ADDRESS: 299 MAIN STREET
WILMINGTON, Massachusetts 01887
MIDDLESEX COUNTY

I. SETTLEMENT DATE:
Friday
January 31st 2003

| J. SUMMARY OF BORROWER'S TRANSACTION | | | K. SUMMARY OF SELLER'S TRANSACTION | | |
|---|---|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER** | | | **400. GROSS AMOUNT DUE TO SELLER** | | |
| 101 Contract sales price | | 178,000.00 | 401 Contract sales price | | 178,000.00 |
| 102 Personal property | | | 402 Personal property | | |
| 103 Settlement charges to borrower (line 1400) | | 4,947.92 | 403 | | |
| 104 FEBRUARY 2003 TAXES | | 571.02 | 404 | | |
| 105 | | | 405 | | |
| Adjustments for items paid by seller in advance | | | Adjustments for items paid by seller in advance | | |
| 106 City/town taxes to | | | 406 City/town taxes to | | |
| 107 County taxes to | | | 407 County taxes to | | |
| 108 Assessments to | | | 408 Assessments to | | |
| 109 | to | | 409 | | |
| 110 | | | 410 | | |
| 111 | | | 411 | | |
| 112 | | | 412 | | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | | 183,518.94 | **420. GROSS AMOUNT DUE SELLER** | | 178,000.00 |
| **200. AMOUNTS PAID ON BEHALF OF BORROWER** | | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER** | | |
| 201 Deposit or earnest money | | | 501 Excess deposit (see instructions) | | |
| 202 Principal amount of new loan(s) | | 1,000.00 | 502 Settlement charges to seller (line 1400) | | 1,000.00 |
| 203 Existing loan(s) taken subject to | | 100,000.00 | 503 Existing loan(s) taken subject to | | |
| 204 | | | 504 Payoff of first mortgage loan | | 1,051.68 |
| | | | 505 Payoff of second mortgage loan CHASE MANHATTAN | | 79,053.75 |
| GIFT OF EQUITY | | 77,000.00 | 506 GIFT OF EQUITY | | 77,000.00 |
| | | | 507 | | |
| | | | 508 | | |
| | | | 509 | | |
| Adjustments for items unpaid by seller | | | Adjustments for items unpaid by seller | | |
| City/town taxes 01/01/03 to 01/31/03 | | 172.82 | 510 City/town taxes 01/01/03 to 01/31/03 | | 172.82 |
| County taxes to | | | 511 County taxes to | | |
| Assessments to | | | 512 Assessments to | | |
| | | | 513 | | |
| | | | 514 | | |
| | | | 515 | | |
| | | | 516 | | |
| | | | 517 | | |
| | | | 518 | | |
| | | | 519 | | |
| AL PAID BY/FOR BORROWER | | 178,172.82 | 520 TOTAL REDUCTIONS AMOUNT DUE SELLER | | 158,278.25 |
| **H. AT SETTLEMENT FROM/TO BORROWER** | | | **600. CASH AT SETTLEMENT TO/FROM SELLER** | | |
| Amount due from borrower (line 120) | | 183,518.94 | 601 Gross amount due to seller (line 420) | | 178,000.00 |
| Amount paid by/for borrower (line 220) | | 178,172.82 | 602 Less reductions in amount due seller (line 520) | ( | 158,278.25) |
| ☒ FROM ( ) TO BORROWER | | 5,346.12 | 603. CASH ☐ FROM ☒ TO SELLER | | 19,721.75 |

NATIONAL DOCUMENT SYSTEMS INC. (603) 437-1541

HUD-1

RECEIVED
FEB 10 2005
...ETT & ASSOCIATES

OMB No 2502-0265

Page 2

## L. SETTLEMENT CHARGES

| | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| 700 TOTAL SALES/BROKER'S COMMISSION based on price $ @ %= | | | |
| Division of commission (line 700) as follows  178,000.00 0.00000  0.00 | | | |
| 701 $ to | | | |
| 702 $ to | | | |
| 703 Commission paid at Settlement | | | |
| 704 | | | |
| 800 ITEMS PAYABLE IN CONNECTION WITH LOAN | | | |
| 801 Loan Origination Fee % | | | |
| 802 Loan Discount % | | | |
| 803 Appraisal Fee to WORLD SAVINGS | | 325.00 | |
| 804 Credit Report $3.85 POC WORLD | | | |
| 805 Lender's Inspection Fee | | | |
| 806 Mortgage Insurance Fee | | | |
| 807 Application Fee | | | |
| 808 MTG BROKER FEE TO DFA | | 2,000.00 | |
| 809 FLOOD CERT FEE TO TRANSAMER $4 POC BORR | | .00 | |
| 810 FUNDING FEE TO WORLD SAVINGS | | 50.00 | |
| 811 TAX SERVICE FEE TO TRANSAMER | | 68.00 | |
| 812 EQUITY BUILDER FEE TO WORLD SAVINGS | | 150.00 | |
| 813 PROCESSING FEE TO DFA | | 350.00 | |
| 814 PROCESSING FEE TO WORLD $106 POC BORR | | | |
| 815 MTG BKR FEE TO DFA $2000 POC WORLD | | | |
| 816 | | | |
| 817 | | | |
| 900 ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE | | | |
| 901 Interest from 01/31/03 to 02/17/03 @$ 15.0300 /day | | 255.51 | |
| 902 Mortgage Insurance Premium for months to | | | |
| 903 Hazard Insurance Premium for 1 years to SULLIVAN INS $318 POC BO | | | |
| 904 years to | | | |
| 905 | | | |
| 1000 RESERVES DEPOSITED WITH LENDER | | | |
| 1001 Hazard Insurance 5 month @ $ 12.15 per month | | 60.75 | |
| 1002 Mortgage Insurance month @ $ per month | | | |
| 1003 City property taxes 2 month @ $ 72.81 per month | | 145.62 | |
| 1004 County property taxes month @ $ per month | | | |
| 1005 Annual assessments month @ $ per month | | | |
| 1006 month @ $ per month | | | |
| 1007 month @ $ per month | | | |
| 1008 AGGREGATE ADJUSTMENT | | - 36.35 | |
| 1009 | | | |
| 1100 TITLE CHARGES | | | |
| 1101 Settlement or closing fee to | | | |
| 1102 Abstract or title search to FIRST NATIONAL TITLE | | 150.00 | |
| 1103 Title examination to | | | |
| 1104 Title insurance binder to | | | |
| 1105 Document preparation to | | | |
| 1106 Notary fees to | | | |
| 1107 Attorney's fees to CUSHING & DOLAN, P.C. | | 500.00 | |
| (includes above items numbers. | | | |
| 1108 Title insurance to OLD REPUBLIC TITLE INS | | 723.00 | |
| (includes above item numbers. $506.10 to C&D | | | |
| 1109 Lender's coverage $ 250.00 ( 100,000.00) | | | |
| 1110 Owner's coverage $ 473.00 ( 178,000.00) | | | |
| 1111 | | | |
| 1112 | | | |
| 1113 | | | |
| 1200 GOVERNMENT RECORDING AND TRANSFER CHARGES | | | |
| 1201 Recording fees Deed $ 45.00 Mortgage $ 65.00 Release $ 50.00 | | 110.00 | 50.00 |
| 1202 City/county tax stamps Deed $ Mortgage $ | | | |
| 1203 State tax stamps Deed $ 811.68 Mortgage $ | | | 811.68 |
| 1204 OBTAIN/RECORD MLC | | 40.02 | |
| 1205 CERTIFIED COPY OF MORTGAGE | | 12.37 | |
| 1300 ADDITIONAL SETTLEMENT CHARGES | | | |
| 1301 Survey to SULLIVAN SURVEY | | | |
| 1302 Pest inspection to | | | |
| 1303 | | | |
| 1304 FED EX TO CUSHING & DOLAN | | 35.00 | 15.00 |
| 1305 DISCHARGE TRACKING FEE TO C&D | | | 75.00 |
| 1306 DEED PREPARATION FEE TO C&D | | | 100.00 |
| 1307 | | | |
| 1308 | | | |
| 1309 | | | |
| 1310 | | | |
| 1400 TOTAL SETTLEMENT CHARGES (enter on lines 103, Section J and 502, Section K) | | 947.92 | 1,051.68 |

Borrower _____  Seller _____

Borrower _____  Seller _____

PROFESSIONAL DOCUMENT SYSTEMS INC. (603) 437-1541

HUD-1
RESPA HB 4305.2

FEB 10 2005
CUSHING & ASSOCIATES

# BASBANES & CHENELLE

### ATTORNEYS AT LAW

648 Central Street
Lowell, Massachusetts 01852
PH (978) 459-3333   FAX (978) 453-1827

George J. Basbanes
GJB@BandClaw.net

Kevin A. Chenell
KAC@BandClaw.ne

April 26, 2005

Essex Superior Court
Civil Division
34 Federal Street
Salem, MA  01970

RE:  DANA P. MCADAM
VS:  CUSHING & DOLAN, P.C., OLD REPUBLIC NATIONAL INSURANCE COMPANY,
     AND MOUNTAIN PEAKS FINANCIAL SERVICES, INC.
VS:  PHILIP B. MCADAM, DEFENDANT-IN-COUNTERCLAIM

Sir/Madam:

Enclosed please find my Notice of Appearance and Answer of Defendant-in-Counterclaim,
Philip B. McAdam in the above-captioned matter.  Kindly file in the appropriate
manner.

Thank you,

George J. Basbanes

GJB:scp
Enclosure

cc:    Client
       Michael B. Feinman, Esq.
       Richard W. Gannett, Esq.
       Richard E. Gentilli, Esq.
       Thomas M. Looney, Esq.

# Commonwealth of Massachusetts

ESSEX, SS.

SUPERIOR COURT
CA NO.: ESCV2005-00339

DANA P. MCADAM                          )
    PLAINTIFF                          )
                                        )
V.                                      )
                                        )
CUSHING & DOLAN, P.C., OLD              )
REPUBLIC NATIONAL TITLE INS. CO.,       )
AND MOUNTAIN PEAKS FINANCIAL            )
SERVICES, INC.                          )
    DEFENDANTS                         )
                                        )
V.                                      )
                                        )
PHILIP B. MCADAM                        )
    DEFENDANT-IN-COUNTERCLAIM         )

## NOTICE OF APPEARANCE

### TO THE CLERK OF THE ABOVE-NAMED COURT:

Kindly note the Appearance of GEORGE J. BASBANES, with the law firm of BASBANES & CHENELLE, as counsel for the defendant-in-counterclaim, PHILIP B. MCADAM, in the above-captioned case.

Dated:  April 26, 2005

PHILIP B. MCADAM,
By his Attorney,

George J. Basbanes, Esquire
BASBANES & CHENELLE
648 Central Street
Lowell, MA 01852
(978) 459-3333
BBO #032840

# Commonwealth of Massachusetts

ESSEX, SS.

SUPERIOR COURT
CA No.: ESCV2005-00339

DANA P. MCADAM                     )
    PLAINTIFF                     )
                                  )
V.                                 )
                                  )
CUSHING & DOLAN, P.C., OLD         )
REPUBLIC NATIONAL TITLE INS. CO.,  )    **ANSWER OF
AND MOUNTAIN PEAKS FINANCIAL       )    DEFENDANT-IN-COUNTERCLAIM,
SERVICES, INC.                     )    PHILIP B. MCADAM**
    DEFENDANTS                    )
                                  )
V.                                 )
                                  )
PHILIP B. MCADAM                   )
    DEFENDANT-IN-COUNTERCLAIM )

*Now comes* PHILIP B. MCADAM, defendant-in-counterclaim, and answers the counterclaim and cross-claim as follows:

    1.      Admitted.

    2.      Admitted.

    3.      Denied.

    4.      Admitted.

    5.      Admitted.

    6.      Admitted.

    7.      Admitted.

    8.      Admitted.

    9.      Defendant-in-counterclaim is without sufficient knowledge to admit or deny the allegation contained in section 9 and calls upon the cross-claimant plaintiff to prove same.

    10.    Admitted.

    11.    Admitted.

    12.    Admitted.

    13.    Admitted.

14. Philip B. McAdam calls upon cross-claimant plaintiff to prove the allegations contained in section 14.

15. Philip B. McAdam calls upon cross-claimant plaintiff to prove the allegations contained in section 15.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Philip B. McAdam calls upon cross-claimant plaintiff to prove the allegations contained in section 20.

21. Calls for no reply.

22. Denied.

23. Admitted as to the wording of the policy.

24. Admitted as to the wording of the policy.

25. Admitted as to the wording of the policy.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Calls for no reply.

31. Admitted.

32. Admitted as to the wording of the policy.

33. Denied as to the knowledge of Dana P. McAdam and Philip E. McAdam. Admitted as to the defendant-in-counterclaim, Philip B. McAdam.

34. Denied.

35. Denied.

36. Denied.

37. Calls for no reply.

38. Calls for a conclusion of law and the defendant-in-counterclaim need not answer same.

39. Denied as to the allegations contained in section 39.

40. Denied.

41. Denied in that any damages paid by Old Republic would not be considered losses but merely the performance of its contract.

42. Calls for no reply.

43.   Admitted.

44.   Calls for a conclusion of law.

45.   Calls for no reply.

46.   Admitted.

47.   Admitted.

48.   Denied.

49.   Admitted.

50.   Admitted.

51.   Calls for a conclusion of law.

52.   Denied.

53.   Admitted.

54.   Denied.

55.   Admitted.

56.   Admitted.

And further answering the defendant-in-counterclaim, Philip B. McAdam avers and alleges he owes no duty nor does he have any privity with any party claiming against him in this action including Cushing & Dolan, Old Republic National Insurance Company and Mountain Peaks Financial Services, Inc.

**Wherefore**, Philip B. McAdam, the defendant-in-counterclaim, prays that this Honorable Court:

    a.   Dismiss the above matter with costs and attorney's fees; and
    b.   Issue any other order deemed reasonable and just.

Dated: April 26, 2005

                              PHILIP B. MCADAM,
                              By his Attorney,

                              George J. Basbanes, Esquire
                              BASBANES & CHENELLE
                              648 Central Street
                              Lowell, MA  01852
                              (978) 459-3333
                              BBO #032840

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the within Notice of Appearance and Answer of Defendant-in-Counterclaim, Philip B. McAdam, was this day served by mailing same, first class postage prepaid upon all counsel of record.

Signed under the pains and penalty of perjury.

Dated: April 26, 2005

_____
George J. Basbanes, Esquire

Michael B. Feinman, Esquire
Attorney for Dana P. McAdam
FEINMAN LAW OFFICES
23 Main Street
Andover, MA 01810
(978) 475-0080
BBO #545935

Thomas M. Looney, Esquire, BBO #555040
Richard E. Gentilli, Esquire, BBO #189080
Attorneys for Old Republic National Title Ins. Co.
BARTLETT HACKETT FEINBERT, P.C.
10 High Street, Suite 920
Boston, MA 02110
(617) 422-0200

Richard W. Gannett, Esquire
Attorney for Mountain Peaks Financial Services, Inc.
GANNETT & ASSOCIATES
165 Friend Street, Suite 200
Boston, MA 02114-2025
(617) 367-0606
BBO# 184430