UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10530-JLT

| | |
|---|---|
| MOUNTAIN PEAKS FINANCIAL SERVICES, INC., | ) ) ) ) |
| Plaintiff Judgment Creditor, | ) ) ) ) |
| v. | ) ) |
| PHILIP B. McADAM, | ) ) |
| Defendant Judgment Debtor. | ) ) ) ) |

OPPOSITION OF PLAINTIFF MOUNTAIN PEAKS FINANCIAL SERVICES, INC.'S TO MOTION OF DEFENDANT PHILIP B. McADAM TO VACATE ORDER OF DEFAULT UNDER FED. R. CIV. P. 55(a)(1)

In light of defendant Philip B. McAdam ("McAdam") having failed to plead or otherwise defend in this action plaintiff Mountain Peaks Financial Services, Inc. ("Mountain") filed a motion for default under Fed. R.Civ. P. 55(a)(1). The motion was allowed on July 18, 2005. McAdam's answer was not docketed until after receipt of Mountain's motion for default and after the Court allowed Mountain's default. Because this is a suit on a judgment, Mountain opposes McAdam's request. Mountain possesses a money judgment and execution that it has levied. Sometime in 2003 McAdam participated in a transfer of the levied property to his

brother for no consideration. In fact the 2003 HUD-1 claims that McAdam gifted his brother some $77,000.00 in equity. McAdam failed to notify Mountain of the transfer.

At the inception of the within lawsuit Mountain sought injunctive relief against McAdam seeking to prevent further transfers of his remaining property. This motion was denied. At the hearing for injunctive relief Mountain was served with McAdam's motion to dismiss "for failure of venue." Mountain prepared a lengthy opposition which McAdam was given the opportunity to respond to. He did not. The Court denied the motion to dismiss for "failure of venue" which was a motion to dismiss for lack of personal jurisdiction. McAdam's answer was due ten days after the Court's denial. Rather than file an answer McAdam did nothing for another two months. When McAdam received Mountain's motion for default McAdam then filed an answer but only after the Clerk entered a default and asked Mountain to file supporting papers that are due with this Court 30 days after the allowance of the default.

What is lacking in McAdam's motion to vacate is the recital or allegation of a meritorious defense. Mountain contends that there is no recital of a meritorious defense because there is none. This is a suit on a judgment. McAdam has already claimed this Court does not have personal jurisdiction over him which this Court denied. Now McAdam wants the Court to vacate a default on Mountain's suit on a judgment after being given the opportunity to file an answer which he failed to do without adequate explanation. McAdam's current motion practice is a waste of everyone's time and energy. Because McAdam does not demonstrate, let alone claim, a meritorious defense this Court should deny the motion to vacate and clear the way for Mountain to assess damages under the standing order.

Wherefore, Mountain requests that this Court:

    I. Deny defendant Philip B. McAdam's motion to vacate the default under Fed. R. Civ. P. 55(a)(1);

    II. For further relief.

                                     Mountain Peaks Financial Services, Inc.,
                                     Plaintiff Judgment Creditor,
                                     By its attorney,

                                     _____
                                   Richard W. Gannett, Esquire
                                   BBO #184430
                                   Gannett & Associates
                                   165 Friend Street, Suite 200
                                   Boston, MA 02114-2025
                                   (617) 367-0606

Dated: July 22, 2005

## CERTIFICATE OF SERVICE

I, Richard W. Gannett, hereby certify that I have served the within opposition of plaintiff Mountain Peaks Financial Services, Inc. to motion to vacate default under Fed. R. Civ. P. 55(a)(1) of Philip B. McAdam upon the following person by U. S. Mail, postage prepaid, on July 22, 2005:

                                     George J. Basbanes, Esquire
                                     Basbanes & Chenelle
                                     648 Central Street
                                     Lowell, MA 01852

                                     _____
                                   Richard W. Gannett