UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10530-JLT

| | |
|---|---|
| MOUNTAIN PEAKS FINANCIAL SERVICES, INC., | ) ) ) ) |
| Plaintiff Judgment Creditor, | ) ) ) |
| v. | ) ) |
| PHILIP B. McADAM, | ) ) |
| Defendant Judgment Debtor. | ) ) ) |

AFFIDAVIT OF RICHARD W. GANNETT COUNSEL TO JUDGMENT CREDITOR MOUNTAIN PEAKS FINANCIAL SERVICES, INC. IN COMPLIANCE WITH STANDING ORDER DATED JULY 18, 2005 REGARDING MOTIONS FOR DEFAULT JUDGMENT AGAINST JUDGMENT DEBTOR PHILIP B. McADAM

1. My name is Richard W. Gannett. I am of legal age and competent to testify. I am one of the attorneys for Mountain Peaks Financial Services, Inc. ("Mountain") the judgment creditor who has filed a Motion for Default against defendant Philip B. McAdam ("McAdam") under Fed. R.Civ. P. 55(a)(1). The Court allowed this motion.

2. Mountain desires to conclude the action by filing a motion for default judgment.

3. McAdam has filed a motion to vacate the default which Mountain has opposed but the Court has not acted upon.

4. Mountain believes that based upon this fact and the language of paragraph 4 of the standing order dated July 18, 2005 Mountain prefers not to file additional pleadings until the motion to vacate is ruled upon by this Court.

Signed under the penalties of perjury this 15th day of August, 2005.

_____
Richard W. Gannett

## CERTIFICATE OF SERVICE

I, Richard W. Gannett, hereby certify that I have served the within affidavit of Richard W. Gannett upon the following person by U. S. Mail, postage prepaid, on August 15, 2005:

> George J. Basbanes, Esquire
> Basbanes & Chenelle
> 648 Central Street
> Lowell, MA 01852

_____
Richard W. Gannett

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

Mountain Peaks Financial Services, Inc
    Plaintiff

v.                    CIVIL ACTION NO. 05-cv-10530 JLT

Philip B. McAdam
    Defendant

## STANDING ORDER REGARDING
## MOTIONS FOR DEFAULT JUDGMENT

Tauro, D.J.

    A Notice of Default has been issued to the above named defendant(s) upon request of the plaintiff(s) in the above entitled action.

    In anticipation of a Motion for Entry of Default Judgment being filed, counsel are advised of the following requirements for submission of such motion in order to ensure compliance with Rule 55 of the Federal Rules of Civil Procedure:

    1.    A party making a motion for default judgment shall comply with all the requirements of Fed. R. Civ. P. 55 particularly those related to filing of affidavits. The moving party shall also submit an appropriate form of default judgment in the fashion of the draft order attached hereto as Appendix A. Such compliance shall be completed no later than 14 days after the filing of the motion itself;

    2.    Within the 14-day period for compliance by the moving party, the party against whom default judgment is sought shall have an opportunity to file substantiated opposition to the default judgment motion and to request a hearing thereon;

    3.    The Court will take up the motion for default judgment on the papers at the conclusion of the 14 day period. Should the motion for default judgment at that time fail to comply with Fed. R. Civ. P. 55, the motion will be denied with prejudice to any renewal of such motion within six months of the denial. Any renewed motion for default judgment may not include a request for interest, costs or attorneys' fees in the matter nor will such relief be granted on any renewed motion for default;

                                                              [procodfltjgm.]

    4.    Necessary and appropriate action with respect to this Standing ORDER shall be taken by the moving party within 30 days of the date of the issuance of this ORDER.  If for any reason the moving party cannot take necessary and appropriate action, that party shall file an affidavit describing the status of this case and show good cause why necessary and appropriate action with respect to this Standing ORDER cannot be taken in a timely fashion and further why this case should remain on the docket.  Failure to comply with this paragraph will result in the entry of dismissal of the moving party's claims for want of prosecution.

By the Court,

/s/ Kimberly M. Abaid

_____

Deputy Clerk

Dated:_July 18, 2005_____

(Default Standing Order.wpd - 12/98)    [procodfltjgm.]

2