UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10530-JLT

|  |  |
|---|---|
| MOUNTAIN PEAKS FINANCIAL SERVICES, INC., | ) ) ) ) |
| Plaintiff Judgment Creditor, | ) ) ) ) |
| v. | ) ) |
| PHILIP B. McADAM, | ) ) ) |
| Defendant Judgment Debtor. | ) ) ) ) |

## MOUNTAIN PEAKS FINANCIAL SERVICES, INC.'S STATUS REPORT PURSUANT TO ORDER OF NOVEMBER 14, 2005

Mountain Peaks Financial Services, Inc. ("Mountain") files the within status report, pursuant to an Order of this Court received on November 14, 2005, concerning pending motions and a suggested methodology for concluding the within lawsuit.

The sole pending motion is brought by Philip B. McAdam ("McAdam") which, in substance, is a motion to vacate entry of default. Mountain has filed a timely opposition. During recent conferences McAdam essentially concedes that his motion to vacate has little or no chance of succeeding as the within lawsuit is a suit on a Massachusetts judgment. With the assistance of prior counsel, McAdam unsuccessfully challenged the Massachusetts judgment by filing a motion to vacate the judgment and conducting two hearings thereon. Both motions were denied. Thereafter, McAdam filed a notice of appeal from the denial of the motion to vacate which McAdam later abandoned.

McAdam's current motion to vacate default fails to allege or prove a meritorious defense. Even assuming McAdam answered Mountain's complaint, there would be no point in prolonging the lawsuit as McAdam is simply stalling and wasting everyone's time on a futile defense. The lack of a meritorious defense may very well be the reason McAdam did not answer the complaint after not prevailing on his motion to dismiss.

Mountain filed the within suit in March, 2005 after discovering during Christmas 2004 that McAdam had conveyed the levied property to his younger brother in 2003 for no consideration. During 2005 Mountain discovered that McAdam and the transferee brother had actual knowledge of the levied judicial lien and chose to follow through on the closing nevertheless. It is accepted and routine conveyancing practice for Massachusetts conveyancers to notify judicial lienholders concerning their security at the time of a residential closing. It is undisputed neither Mountain nor its counsel ever received such notice and it now appears that the lack of notice was deliberate.

Consequently, Mountain, at the inception of the within lawsuit, filed and served a Motion for Temporary Restraining Order and/or Preliminary Injunction under Fed. R.Civ. P. 65 ("the TRO motion") seeking to restrain and enjoin Philip B. McAdam, his agents, servants, attorneys or any co-owners of 6 Shelly Drive, Pelham, New Hampshire (the only known McAdam property that has not been fraudulently conveyed) from hypothecating, encumbering, transferring, selling or mortgaging said property. This Court denied the TRO motion on April 22, 2005. At the hearing on the TRO motion, McAdam served and commenced to argue a motion to dismiss the lawsuit claiming that this Court could not exercise personal jurisdiction over McAdam as he presently resided in New Hampshire. This personal jurisdiction motion was

denied by the Court on May 24, 2005, following Mountain's opposition. At the TRO hearing, this Court granted a period of time to McAdam to file a reply brief, which McAdam chose not to do.

McAdam never answered the within complaint following this Court's denial of the personal jurisdiction motion. As a courtesy, Mountain afforded McAdam an additional thirty nine days in which to answer, excluding the ten day period as a matter of right. In light of the lengthy time period that ensued between the denial of the motion to dismiss for lack of personal jurisdiction and the awaited answer, Mountain filed its motion for default. On the heels of said motion, McAdam filed a motion to vacate the default, which lacked the most important element: a meritorious defense.

Given this background, it is now the appropriate time to conclude the lawsuit. A default judgment is warranted now with the judgment creditor being afforded thirty days to file an assessment of damages memorandum following the Clerk's entry of a default judgment.

                                               Mountain Peaks Financial Services, Inc.,
                                               Plaintiff/Judgment Creditor,
                                               By its attorney,

                                               Richard W. Gannett, Esquire
                                               BBO #184430
                                               Gannett & Associates
                                               165 Friend Street, Suite 200
                                               Boston, MA 02114-2025
                                               (617) 367-0606

Dated: November 17, 2005

## CERTIFICATE OF SERVICE

I, Richard W. Gannett, hereby certify that I have served the within Mountain Peaks Financial Services, Inc.'s Status Report Pursuant to Order of November 14, 2005 upon the following person by U. S. Mail, postage prepaid, on November 17, 2005:

>George J. Basbanes, Esquire
>Basbanes & Chenelle
>648 Central Street
>Lowell, MA 01852

_____
Richard W. Gannett